U.S. Bank N.A. v James (2020 NY Slip Op 01297)





U.S. Bank N.A. v James


2020 NY Slip Op 01297


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11122 32166/16E

[*1] U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Lorna James, et al., Defendants-Appellants, Criminal Court of the City of New York, et al., Defendants.


Petroff Amshen LLP, Brooklyn (Serge F. Petroff of counsel), for appellants.
Greenberg Traurig, LLP, New York (Leah N. Jacob of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered January 8, 2019, which granted plaintiff's motion for, inter alia, summary judgment and an order of reference against defendants, and denied defendants' cross motion for summary judgment dismissing the action, unanimously affirmed, without costs.
Plaintiff demonstrated its prima facie entitlement to summary judgment by submitting the mortgage, unpaid note and evidence of defendants' default (see e.g. JPMCC 2007-CIBC Bronx Apts., LLC v Fordham Fulton LLC, 84 AD3d 613 [1st Dept 2011]). Plaintiff also submitted the affidavit of a contract management coordinator from its loan servicer, who attested that, based on her review of the business records relied upon in the ordinary course of business, the notices were sent to defendants at the mortgage address in compliance with the requirements of RPAPL 1304 and the subject mortgage. Plaintiff's coordinator stated that the RPAPL 1304 notice was "mailed by first-class and certified mail having been placed in an official depository under the exclusive care and custody of the United States Post Office in postage-paid properly addressed envelopes," "separate from" the notice of default, and was not returned as undeliverable. Tracking numbers for both mailings were also provided. Plaintiff thereby submitted sufficient evidence to demonstrate the absence of material issues as to its strict compliance with RPAPL 1304 and the notice provisions of the subject mortgage, and this evidence created a rebuttable presumption that defendants received these notices (see e.g. Deutsche Bank Natl. Trust Co. v Al Rasheed, 169 AD3d 532 [1st Dept 2019]).
Defendants did not submit any evidence contesting that plaintiff mailed the notice of default and 90-day notice, nor did defendants deny receipt of either notice.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK