Wells Fargo Bank, N.A. v McKenzie (2020 NY Slip Op 05086)





Wells Fargo Bank, N.A. v McKenzie


2020 NY Slip Op 05086


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-04209
2019-04270
 (Index No. 14914/09)

[*1]Wells Fargo Bank, N.A., respondent,
v
Paulette McKenzie, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal and Ryan Sirianni of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Paulette McKenzie appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 17, 2017, and (2) a judgment of foreclosure and sale of the same court (Noach Dear, J.) dated March 14, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and to appoint a referee, and, in effect, denied that defendant's motion to dismiss the complaint insofar as asserted against her. The judgment of foreclosure and sale, upon the order, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Paulette McKenzie, to strike that defendant's answer, and to appoint a referee are denied, the order dated February 17, 2017, is modified accordingly, and the answer of the defendant Paulette McKenzie is reinstated; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248; LNV Corp. v Sofer, 171 AD3d 1033, 1034). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On March 28, 2003, the defendant Paulette McKenzie (hereinafter the defendant) borrowed $363,000 from BNY Mortgage Company, LLC, and, in return, executed a note and a mortgage encumbering real property in Brooklyn. In June 2009, the note and mortgage were [*2]assigned to the plaintiff, who then commenced this foreclosure action against the defendant, among others, alleging that it was the owner and holder of the note and mortgage, and that the defendant had defaulted under the terms of the note and mortgage by failing to make her monthly payment due on February 1, 2009. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee. The defendant opposed the plaintiff's motion and cross-moved to dismiss the complaint insofar as asserted against her. In an order dated February 17, 2017, the Supreme Court granted the plaintiff's motion and ,in effect, denied the defendant's cross motion. A judgment of foreclosure and sale was entered upon the order. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (LNV Corp. v Sofer, 171 AD3d at 1035 [internal quotation marks omitted]). "In addition, where it is alleged that the plaintiff has failed to comply with a condition precedent to the enforcement of the mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent" (RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736; see U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012).
Here, the defendant's answer, among other things, asserted the affirmative defense that the plaintiff failed to comply with the notice of default provisions of the note and mortgage. In support of its motion for summary judgment, the plaintiff presented the mortgage, the note, and evidence of the defendant's default.
Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in considering the affidavit of the plaintiff's employee Jeremiah Herberg, which was submitted with the plaintiff's papers in opposition to the defendant's cross motion and in further support of its motion (see LNV Corp. v Sofer, 171 AD3d at 1035-1036). Although "'[a] party moving for summary judgment generally cannot meet its prima facie burden by submitting evidence for the first time in reply . . . , there are exceptions to the general rule, including . . . when the other party is given an opportunity to respond to the reply papers'" (id. at 1036, quoting Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664). Here, the defendant had the opportunity to address the Herberg affidavit in her reply papers in further support of her own cross motion.
However, the plaintiff failed to establish, prima facie, that it complied with the condition precedent contained in section 22 of the mortgage agreement regarding the notice of default. The plaintiff's submissions did not establish that the notice was sent by first class mail or actually delivered to the notice address, as required by the terms of the mortgage agreement (see PNMAC Mtge. Opportunity Fund Invs., LLC v Torres, 175 AD3d 1335, 1337; Emigrant Bank v Myers, 147 AD3d 1027, 1028). Furthermore, Herberg's affidavit failed to lay a proper foundation for the admission of records concerning the plaintiff's mailing of the notices of default (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210; Bank of N.Y. Mellon v Weber, 169 AD3d 981, 984).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to appoint a referee.
However, contrary to the defendant's contention, she was not entitled to dismissal of the complaint. Her affidavit denying receipt of the notices of default and her submission of affidavits of an employee of the plaintiff were not sufficient to establish that the plaintiff did not comply with the mortgage's notice provisions (see US Bank N.A. v Hunte, 176 AD3d 894, 897; U.S. Bank N.A. v Cope, 175 AD3d 527, 530).
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court