U.S. Bank N.A. v Russell (2020 NY Slip Op 05169)





U.S. Bank N.A. v Russell


2020 NY Slip Op 05169


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 380990/2013 Appeal No. 11880 Case No. 2019-4571 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]U.S. Bank National Association, etc., Plaintiff-Respondent,
v
Walter Russell, et al., Defendants-Appellants, Criminal Court of the City of New York, et al. Defendants.


Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.
Gross Polowy LLC, Williamsville (Douglas C. Weinert of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about April 1, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously affirmed, without costs.
Plaintiff established its prima facie entitlement to judgment of foreclosure by showing that it had physical possession of the note prior to commencing this action, and by submitting proof of defendant's default (see U.S. Bank N.A. v Askew, 138 AD3d 402 [1st Dept 2016]; Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). Attachment of the note to the complaint was sufficient to establish possession (see Wilmington Sav. Fund Socy., FSB v Moran, 175 AD3d 1196 [1st Dept 2019]). Further, the affidavit of plaintiff's custodian corroborated that plaintiff had possession of the note before it commenced the action (see PNC Bank, N. A. v Salcedo, 161 AD3d 571 [1st Dept 2018]). Therefore, although plaintiff submitted two versions of the note in support of its motion for summary judgment, that discrepancy did not divest it of standing to seek summary judgment (see id.)
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020