Wells Fargo Bank, N.A. v Zolotnitsky (2021 NY Slip Op 03482)





Wells Fargo Bank, N.A. v Zolotnitsky


2021 NY Slip Op 03482


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-13137
2018-06777
2018-06778
 (Index No. 12969/13)

[*1]Wells Fargo Bank, N.A., plaintiff,
v
Viktoria Zolotnitsky, etc., appellant, et al., defendants; Wilmington Savings Fund Society, FSB, etc., nonparty-respondent. (Appeal No. 1)
Wilmington Savings Fund Society, FSB, etc., respondent, v Viktoria Zolotnitsky, etc., appellant, et al., defendants. (Appeal Nos. 2 and 3)


Wurzel Law Group, PLLC, Floral Park, NY (Glenn J. Wurzel of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Viktoria Zolotnitsky appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 3, 2017, (2) an order of the same court entered April 2, 2018, and (3) a judgment of foreclosure and sale of the same court entered April 3, 2018. The order entered August 3, 2017, insofar as appealed from, granted those branches of the motion of Wilmington Savings Fund Society, FSB, which were for summary judgment on the complaint insofar as asserted against the defendant Viktoria Zolotnitsky, to strike that defendant's answer, for an order of reference, to amend the caption to substitute itself as the plaintiff, and to reform the mortgage to correct the legal description of the subject property. The order dated April 2, 2018, insofar as appealed from, denied that branch of the motion of the defendant Viktoria Zolotnitsky which was for leave to renew her opposition to the motion of Wilmington Savings Fund Society, FSB, inter alia, for summary judgment, and granted the motion of Wilmington Savings Fund Society, FSB, to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, among other things, directed the sale of the subject property.
ORDERED that the appeals from the orders entered August 3, 2017, and April 2, 2018, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the motion of Wilmington Savings Fund Society, FSB, which were for summary judgment on the complaint insofar as asserted against the defendant Viktoria Zolotnitsky, to strike [*2]that defendant's answer, for an order of reference, and to reform the mortgage to correct the legal description of the subject property are denied, the motion of Wilmington Savings Fund Society, FSB, to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered August 3, 2017, and April 2, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Viktoria Zolitnitsky.
The appeals from the orders entered August 3, 2017, and April 2, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On October 25, 2013, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against the defendant Viktoria Zolotnitsky (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property in Nassau County (hereinafter the premises), and to reform the mortgage to correct the description of the premises. The defendant interposed an answer in which she asserted various affirmative defenses, including that Wells Fargo lacked standing. By assignment of mortgage dated October 9, 2015, Wells Fargo assigned the mortgage to Wilmington Savings Fund Society, FSB (hereinafter Wilmington).
In November 2016, Wilmington, as successor in interest to Wells Fargo, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, for an order of reference, to amend the caption to substitute itself as the plaintiff, and to reform the mortgage to correct the legal description of the premises. In support of its motion, Wilmington submitted, among other things, a lost note affidavit executed on October 12, 2012, by Andrew Colligan, Wells Fargo's vice president of loan documentation, who averred therein that the note had been "inadvertently lost, misplaced or destroyed." The defendant opposed the motion. By order entered August 3, 2017, the Supreme Court, inter alia, granted those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, for an order of reference, to amend the caption to substitute itself as the plaintiff, and to reform the mortgage to correct the legal description of the premises, and referred the matter to a referee to compute the amount due.
In November 2017, the defendant moved, inter alia, for leave to renew her opposition to Wilmington's motion, inter alia, for summary judgment, and Wilmington moved to confirm the referee's report and for a judgment of foreclosure and sale. By order entered April 2, 2018, the Supreme Court denied the defendant's motion and granted Wilmington's motion. Thereafter, the court entered a judgment of foreclosure and sale. The defendant appeals.
"Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit 'due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms'" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044, quoting UCC 3-804). Here, the copy of the note annexed to the lost note affidavit provided sufficient evidence of the terms of the note (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044). However, the lost note affidavit failed to sufficiently establish Wells Fargo's ownership of the note, as it "failed to establish when the note was acquired and failed to provide sufficient facts as to when the search for the note occurred, who conducted the search, or how or when the note was lost" (HSBC Bank USA, N.A. v Gilbert, 189 AD3d 1377, 1380; see Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 815). Thus, the affidavit failed to sufficiently establish Wells Fargo's ownership of the note at the time the action was commenced.
Accordingly, the Supreme Court should have denied those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
Moreover, the Supreme Court should have denied that branch of Wilmington's [*3]motion which was for summary judgment on the second cause of action of the complaint, to reform the mortgage to correct the legal description of the premises. "A party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation" (Yu Han Young v Chiu, 49 AD3d 535, 536; see Chimart Assoc. v Paul, 66 NY2d 570, 573; Gunther v Vilceus, 142 AD3d 639, 640). Here, Wilmington failed to establish by clear and convincing evidence that reformation of the mortgage to correct the legal description of the premises was warranted based on mutual mistake.
The parties' remaining contentions, including the defendant's contention that the Supreme Court erred in granting that branch of Wilmington's motion which was to amend the caption to substitute itself as the plaintiff, either are not properly before this Court or need not be reached in light of our determination.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court