Wells Fargo Bank, N.A. v Carter (2022 NY Slip Op 01202)





Wells Fargo Bank, N.A. v Carter


2022 NY Slip Op 01202


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-11400
 (Index No. 501541/13)

[*1]Wells Fargo Bank, N.A., plaintiff-respondent,
v
Aleatha M. Carter, defendant-respondent, et al., defendants; Khadijah Carter, nonparty-appellant.


Andrew M. Krisel (Jared Rich and Stern & Stern, Brooklyn, NY [Pamela Smith], of counsel), for nonparty-appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Butler Fitzerald Fiveson & McCarthy, P.C., New York, NY [David K. Fiveson and Mark J. Krueger], of counsel), for plaintiff-respondent.
Matthew S. Porges, Brooklyn, NY, for defendant-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Khadijah Carter appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 13, 2018. The order denied the motion of nonparty Khadijah Carter, inter alia, for leave to intervene in the action and to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated January 31, 2017.
ORDERED that the order is affirmed, with one bill of costs.
In March 2013, the plaintiff commenced this action to foreclose a consolidated mortgage against, among others, the defendant Aleatha M. Carter. The consolidated mortgage encumbered certain real property located in Brooklyn (hereinafter the subject property). In January 2017, the Supreme Court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. In November 2017, nonparty Khadijah Carter (hereinafter the appellant) moved, inter alia, for leave to intervene in the action and to vacate the order and judgment of foreclosure and sale. The court denied the motion, and this appeal ensued.
Pursuant to CPLR 1012(a)(3), "[u]pon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (1077 Madison St., LLC v Dickerson, 197 AD3d 446, 447). "In considering whether a motion to intervene is timely, 'courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party'" (1077 Madison St., LLC v Dickerson, 197 AD3d at 447, quoting Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201). Here, the appellant's motion to intervene was untimely, as she moved to intervene more than four years after the action was commenced and six months after the order and judgment of foreclosure and sale was issued (see 1077 Madison St., LLC v Dickerson, 197 AD3d at 447; Sharestates Invs., LLC v Hercules, 178 [*2]AD3d 1111, 1112; US Bank NA v Osuji, 174 AD3d 947, 948). Contrary to the appellant's contention, she failed to demonstrate when she became aware of the foreclosure action or otherwise explain her delay in moving for leave to intervene in the action.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court