Countrywide Bank, FSB v Snipes (2024 NY Slip Op 00179)

Countrywide Bank, FSB v Snipes

2024 NY Slip Op 00179

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05737
 (Index No. 709597/21)

[*1]Countrywide Bank, FSB, respondent,
v
George Snipes, et al., defendants; Sumpter Shine Corp., proposed intervenor-appellant.

Richland & Falkowski, PLLC, Long Island City, NY (Michal Falkowski of counsel), for proposed intervenor-appellant.
Akerman LLP, New York, NY (Ashley S. Miller of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, Sumptor Shine Corp. appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 11, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to amend the caption to substitute Bank of America, N.A., as the plaintiff and denied that branch of the cross-motion of Sumpter Shine Corp. which was for leave to intervene in the action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of Sumpter Shine Corp. which was for leave to intervene in the action and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2007, George Snipes executed a note in the amount of $584,935 in favor of Countrywide Bank, FSB (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Brooklyn. In June 2008, Countrywide commenced this action to foreclose the mortgage, alleging, inter alia, that Snipes failed to make payments due on November 1, 2007, and thereafter. Snipes failed to appear or answer the complaint. An order of reference was issued in January 2010. Snipes died on January 21, 2012. In an order dated April 10, 2014 (hereinafter the order of dismissal), the Supreme Court directed dismissal of the complaint pursuant to CPLR 3215(c) for failure to proceed to entry of judgment within one year of Snipes's default. In July 2015, the order of dismissal was vacated and the action was restored to the active case calendar. In March 2016, Sumpter Shine Corp. (hereinafter Sumpter) purchased the property. In April 2019, the Public Administrator of Kings County was appointed to represent Snipes's estate in this action. In July 2019, Countrywide moved, among other things, to amend the caption to substitute Bank of America, N.A., as the plaintiff. Sumpter cross-moved, inter alia, for leave to intervene in the action. In an order dated May 11, 2021, the court, among other things, granted that branch of Countrywide's motion and denied that branch of Sumpter's cross-motion. Sumpter appeals.
The Supreme Court should have granted that branch of Sumpter's cross-motion which was for leave to intervene in this action. Pursuant to CPLR 1012(a)(3), "[u]pon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or [*2]distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment" (Wells Fargo Bank, N.A. v Carter, 202 AD3d 1146, 1146 [internal quotation marks omitted]). "In considering whether a motion to intervene is timely, courts do not engage in mere mechanical measurements of time, but consider whether the delay in seeking intervention would cause a delay in resolution of the action or otherwise prejudice a party" (id. at 1146 [internal quotation marks omitted]). The fact that Sumpter obtained its interest in the property after this action was commenced and the notice of pendency was filed does not definitively bar intervention (see Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 785). Furthermore, under the circumstances, Sumpter's cross-motion, inter alia, for leave to intervene was timely. Significantly, it was made in response to Countrywide's motion, among other things, to amend the caption after a protracted delay in prosecuting the action over a 10-year period. Although Sumpter's cross-motion, inter alia, for leave to intervene was made approximately four years subsequent to its purchase of the property, since it was made before the amended summons and complaint were served on the Public Administrator, and before a new order of reference or a judgment of foreclosure and sale were issued, Countrywide was not prejudiced by the timing of the cross-motion (see Onewest Bank, FSB v Harrington, 213 AD3d 682, 683; Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d at 785).
Sumpter's remaining contention, that the Supreme Court erred in granting that branch of Countrywide's motion which was to amend the caption to substitute Bank of America, N.A., as the plaintiff, is not properly before this Court (see Wells Fargo Bank, N.A. v Zolotnitsky, 195 AD3d 659, 662; Flushing Sav. Bank v Latham, 139 AD3d 663, 664).
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court