## JPMorgan Chase Bank, N.A. v Kocak

2024 NY Slip Op 33190(U)

September 9, 2024

Supreme Court, New York County

Docket Number: Index No. 850209/2022

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. FRANCIS A. KAHN, III**                          PART               **32**

*Justice*

-----------------------------------------------------------------------X

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

                       Plaintiff,

              - v -

NACIYE KOCAK, THE BOARD OF MANAGERS OF 432
PARK CONDOMINIUM, JOHN DOE AND JANE DOE SAID
NAMES BEING FICTITIOUS, IT BEING THE INTENTION
OF PLAINTIFF TO DESIGNATE ANY AND ALL
OCCUPANTS OF PREMISES BEING FORECLOSED
HEREIN

                       Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850209/2022 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for                      JUDGMENT - SUMMARY       .

Upon the foregoing documents, the motion is determined as follows:

In this action Plaintiff seeks to foreclose on a mortgage encumbering residential real property located at 432 Park Avenue, Unit 81A, New York, New York. The mortgage, dated September 14, 2016, was given by Defendant Naciye Kocak ("Kocak") to Plaintiff JPMorgan Chase Bank, NA. The mortgage secures a loan with an original principal amount of $11,412,500.00 and is evidenced by a note the same date as the mortgage. Plaintiff commenced this action alleging *inter alia* that Defendant Kocak defaulted in repayment of the loan on or about November 1, 2021. Kocak answered and pled sixteen affirmative defenses, including lack of standing, failure to comply with RPAPL §§1304 and 1306 as well as failure to serve a contractual pre-foreclosure notice. Now, Plaintiff moves for summary judgment against Kocak, to strike the answer and affirmative defenses, a default judgment against the non-appearing Defendants, an order of reference and to amend the caption. Kocak opposes the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v James*, 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles*, 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC*, 78 AD3d 577 [1st Dept 2010]). Also, based on the affirmative defenses pled, Plaintiff was required to demonstrate, *prima facie*, its standing (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]), its strict compliance with RPAPL §§1304 and 1306 (*see U.S. Bank, NA v Nathan*, 173 AD3d 1112 [2d Dept 2019]; *HSBC Bank USA, N.A. v Bermudez*, 175 AD3d 667, 669 [2d Dept 2019]) as well as its substantial compliance with the requisites under paragraph 22 of the mortgage (*see eg Wells Fargo Bank, N.A. v McKenzie*, 186 AD3d 1582, 1584 [2d Dept 2020]).

[* 1]

Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affidavit from Gary Brunton ("Brunton"), a Vice President-Document Execution for Plaintiff. Clemens avers that Plaintiff is the servicer of the loan, that his submission was based upon a review of Plaintiff's records and knowledge of its record keeping practices. Brunton's affidavit laid a proper foundation for the admission of the records of Plaintiff into evidence under CPLR §4518 by sufficiently showing that the records Plaintiff relied upon "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record [was] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record [was] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). Further, annexed to the motion were all the records referenced by Brunton (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]).

As to the note and mortgage, these documents were referenced by Brunton and annexed to his affidavit (*cf. 938 St. Nicholas Ave. Lender LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.*, 218 AD3d 417 [1st Dept 2023]). As such, proof of the loan documents was established in the first instance. As to Defendants' default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Brunton's review of the attached records evidenced mortgagor's default in repayment under the note (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]; *see also Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra).

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). Here, since Plaintiff was lender when the note and mortgage were given, it was in direct privity with the mortgagor when the action was commenced and, therefore, unquestionably had standing (*see generally Wilmington Sav. Fund Socy., FSB v Matamoro*, 200 AD3d 79, 90-91 [2d Dept 2021]).

Plaintiff was also required to proffer "sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2d Dept 2011]). As to the contractual pre-foreclosure notice, paragraph 22 of the mortgage, a ubiquitous provision in residential mortgages, provides that prior to acceleration of the note, the lender must send a notice containing the information specified in paragraph 22[b][1] – [6] in the manner described in paragraph 15 of the mortgage. That section provides that all notices must be in writing and

[* 2]

"is considered given to [Mortgagor] when mailed by first class mail or when actually delivered to my notice address if sent by other means . . . The notice address is the address of the Property unless I give notice to Lender of a different address".

While RPAPL §1304 does not specify the proof necessary to demonstrate compliance therewith, the Court of Appeals has "has long recognized a party can establish that a notice or other document was sent through evidence of actual mailing . . . or . . . by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" (*Cit Bank N.A. v Schiffman*, 36 NY3d 550, 556 [2020][internal citations omitted]).   Proof of actual mailing may be shown with an affidavit of mailing or domestic return receipts with attendant signatures (*see eg US Bank v Zientek*, 192 AD3d 1189, 1191 [2d Dept 2021]).   Evidence of a satisfactory office practice can raise a presumption that the required notice was sent and received by the projected addressee (*Cit Bank N.A. v Schiffman*, supra).   A practice giving rise to the presumption "must be geared so as to ensure the likelihood that [the] notice . . . is always properly addressed and mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 830 [1978]) and can be demonstrated via an affiant who explains "among other things, how the notices and envelopes were generated, posted and sealed, as well as how the mail was transmitted to the postal service" (*Cit Bank N.A. v Schiffman*, supra).   Proof from a person with "personal knowledge of the practices utilized by the [sender] at the time of the alleged mailing" is sufficient (*Preferred Mut. Ins. Co. v Donnelly*, 22 NY3d 1169, 1170 [2014]; *see also Citibank, N.A. v Conti-Scheurer*, 172 AD3d 17, 21 [2d Dept 2019][internal quotation marks omitted]).   An affidavit from the person who performed the mailing is not necessary (*see Bossuk v Steinberg*, 58 NY2d 916, 919 [1983]).

Regarding the mailing of these notices, Plaintiff submitted an affidavit from Karla Baxter ("Baxter") a Vice President-Document Execution of Plaintiff.  Baxter attested to their personal knowledge of Plaintiff's standard mailing procedure, described the procedure in adequate detail and attached both Plaintiff's records and those from the United States Postal Service (*see United States Bank Trust, N.A. v Mehl*, 195 AD3d 1054 [2d Dept 2021]; *Citimortgage, Inc. v Ustick*, 188 AD3d 793, 794 [2d Dept 2020]).   Accordingly, Plaintiff demonstrated *prima facie* its strict compliance with RPAPL §1304.   Likewise, this evidence also demonstrated Plaintiff's substantial compliance with the contractual pre-foreclosure notice required by the mortgage.  Compliance with RPAPL §1306 was shown by submitting a copy of a proof of filing statement from the New York State Department of Financial Services (*see United States Bank Trust, N.A. v Mehl*, supra at 1056) and RPAPL §1303 via the affidavit of Plaintiff's process server (*see HSBC Bank USA, N.A. v Ozcan*, 154 AD3d 822 [2d Dept 2017]).

In opposition, Defendants' claim the motion is defective because a complete copy of the pleadings were not annexed thereto is without merit "as the pleadings were filed electronically and thus were available to the parties and the court" (*Studio A Showroom, LLC, v Yoon*, 99 AD3d 632 [1st Dept 2012]; *see also Galpern v Air Chefs, L.L.C.*, 180 AD3d 501 [1st Dept 2020]).  The argument that Plaintiff failed to demonstrate all the elements of a cause of action for foreclosure is without merit.   The affidavit and proffered business documents were all in admissible form.  The argument that the endorsement in blank on the note raises material issues of fact as to possession of same is also unavailing.  "Attachment of the note to the complaint was sufficient to establish possession" (*U.S. Bank N.A. v Russell*, 186 AD3d 1181 [1st Dept 2020]).  Under the circumstances "[t]here is simply no requirement that an entity. . . must establish how it came into possession of that instrument" (*JPMorgan Chase Bank, NA v Weinberger*, 142 AD3d 643, 645 [2d Dept 2016]).  Plaintiff was not obliged to produce the original note and mortgage to establish its *prima facie* case in this context (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 365 [2015]; *Deutsche Bank Natl. Trust Co. v Auguste*, 185 AD3d 657, 659 [2d Dept 2020]).

850209/2022  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION vs. KOCAK, NACIYE ET AL          Page 3 of 7
Motion No.  001

[* 3]                                        3 of 7

Regarding reformation of the mortgage, "'[w]here there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected'" (*Harris v Uhlendorf*, 24 NY2d 463, 467 [1969], *citing Born v Schrenkeisen*, 110 NY 55, 59 [1888]). Therefore, "'[a] party seeking reformation of a contract by reason of mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation'" (*see Wells Fargo Bank, N.A. v Zolotnitsky*, 195 AD3d 659, 661 [2d Dept 2021], *citing Yu Han Young v Chiu*, 49 AD3d 535, 536 [2d Dept 2008]). In support of the motion, Plaintiff demonstrate that the incorrect "metes and bounds" description was merely a "scrivener's error", and its reformation would not prejudice Defendant (*see eg Bank of Am., N.A. v Pennicooke*, 186 AD3d 545 [2d Dept 2020]).

Defendant is correct that "[a] cause of action seeking reformation of an instrument on the ground of mistake, including an alleged scrivener's error, is governed by the six-year statute of limitations pursuant to CPLR 213 (6), which begins to run on the date the mistake was made" (*Lopez v Lopez*, 133 AD3d 722, 723 [2d Dept 2015]). In this case, the mortgage was executed on September 14, 2016, and this action was commenced on October 18, 2022, ostensibly 34 days late. However, Defendant overlooks that the running of statute of limitations in this case was tolled for 228 days by operation of "Executive Order 202.8 and seven subsequent executive orders" which were issued in response to the COVID-19 pandemic (*Trento 67, LLC v OneWest Bank, N.A.*, 214 AD3d 689 [2d Dept 2024]; *Wilmington Trust, NA v Fife*, 212 AD3d 550 [1st Dept 2023]). As such, Defendant's statute of limitations affirmative defense to the cause of action to reform the mortgage fails as a matter of law.

In any event, an erroneous "metes and bounds" description attached to the mortgage does not bar foreclosure. The Court of Appeals has noted that "[t]he language in which assessors can put land descriptions, and the actual range and possibility of accurate actual description are quite as infinite as the locations and lines of different land" (*Goff v Shultis*, 26 NY2d 240, 244 [1970]). The issue to be attended is whether the "the land can be identified with reasonable certainty notwithstanding [any] errors" and "parol evidence may be introduced to identify the property intended and its exact boundaries" (*Brookhaven v Dinos*, 76 AD2d 555, 561 [2d Dept 1980], *affd* 54 NY2d 911). In this case, the note and mortgage clearly stated the property subject to the encumbrance was "432 Park Avenue, Unit 81A, New York, NY 10022" and contains the correct block and lot designation.

As to the branch of Plaintiff's motion to dismiss all Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov*, 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

All the affirmative defenses are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E*

[* 4]

*Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that no specific legal argument was proffered in support of a particular affirmative defense, such defenses were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that the affirmative defenses pled by all the appearing Defendants are dismissed; and it is further

ORDERED that **Clark Whitsett, Esq. 66-05 Woodhaven Blvd., Rego Park, New York 11374 – 718-850-0003** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

850209/2022 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION vs. KOCAK, NACIYE ET AL Page 5 of 7
Motion No. 001

5 of 7

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that the mortgage and any necessary loan documents related to such Mortgage be, and the same hereby are, reformed by substituting therein the intended Legal Description of the mortgaged premises, which is the correct description, in place of the mortgage premises description which is erroneous (a copy of the Intended Mortgaged premises is attached); and it is further

ORDERED that the New York County Register for the City of New York note in the original recorded mortgage recorded in the Register for the City of New York on September 27, 2016, in CRFN 2016000338172, that the legal description is hereby reformed; and it is further

ORDERED, that the caption of this action be amended by substituting City of New York Transit Adjudication Bureau sued herein as "John Doe" and "Jane Doe" without prejudice to the proceedings heretofore had herein; and it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
JPMorgan Chase Bank, National Association,

                                        Plaintiff,

            -against-

Naciye Kocak a/k/a N. Kocak; Board of Managers of 432 Park
Condominium; City of New York Transit Adjudication
Bureau,
                                        Defendants.
------------------------------------------------------------------------X

and it is further,

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

All parties are to appear for a virtual conference via Microsoft Teams on **January 15, 2025, at 11:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

**Mortgage Servicer: JPMorgan Chase Bank, NA -- Phone: (800) 848-9136.**

| 9/9/2024 | | | |
|---|---|---|---|
| DATE | | FRANCIS KAHN, III, A.J.S.C. | |
| | | HON. FRANCIS A. KAHN III J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☒ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

850209/2022  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION vs. KOCAK, NACIYE ET AL          Page 7 of 7
Motion No. 001

7 of 7