| |
|---|
| **U.S. Bank Trust Co., N.A. v Moran** |
| 2024 NY Slip Op 34561(U) |
| December 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 850028/2024 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     __HON. FRANCIS A. KAHN, III__        PART            **32**

*Justice*

-----------------------------------------------------------------------------X

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS INDENTURE TRUSTEE OF CIM TRUST 2022-NR1, | **INDEX NO.**      850028/2024 |
| | **MOTION DATE**            |
| Plaintiff, | **MOTION SEQ. NO.**     003 |

- v -

TREVOR C. MORAN, THE BOARD OF MANAGERS OF 120 RIVERSIDE BOULEVARD AT TRUMP PLACE, JOHN DOE,

                           **DECISION + ORDER ON**
                           **MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 83, 84, 85, 86, 87, 93

were read on this motion to/for                  JUDGMENT - SUMMARY             .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

In this action, Plaintiff seeks to foreclose on a mortgage encumbering residential real property located at 120 Riverside Boulevard, Unit 16B, New York, New York. The mortgage was given by Defendant/Mortgagor Trevor C. Moran ("Moran") to non-party Bank of America, NA ("BoA") to secure a loan with an original principal amount of $1,159,680.00 which is memorialized by an adjustable rate note. The note and mortgage are both dated April 27, 2006. Plaintiff commenced this action alleging *inter alia* that Moran defaulted in repayment of the loan on or about October 1, 2022. Moran filed a *pro se* answer and pled seven affirmative defenses, including lack of standing, non-compliance with RPAPL §1303, 1403 and 1306, as well as failure to serve a contractual pre-foreclosure notice. Now, Plaintiff moves for summary judgment against the appearing Defendant, to strike his answer and affirmative defenses, for an order of reference and to amend the caption. Defendant Moran opposes the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see eg U.S. Bank, N.A. v James,* 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles,* 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC,* 78 AD3d 577 [1st Dept 2010]). Based on the affirmative defenses pled, Plaintiff was required to demonstrate, *prima facie,* its standing (*see eg Wells Fargo Bank, N.A. v Tricario,* 180 AD3d 848 [2nd Dept 2020]), its strict compliance with RPAPL §§1303, 1304 and 1306 (*see U.S. Bank, NA v Nathan,* 173 AD3d 1112 [2d Dept 2019]; *HSBC Bank USA, N.A. v Bermudez,* 175 AD3d 667, 669 [2d Dept 2019]) as well as its

850028/2024 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL        Page 1 of 4
CAPACITY BUT SOLELY AS INDENTURE TRUSTEE OF CIM TRUST 2022-NR1 vs. MORAN,
TREVOR C. ET AL
Motion No. 003

1 of 4

substantial compliance with the requisites under paragraph 22 of the mortgage (*see eg Wells Fargo Bank, N.A. v McKenzie,* 186 AD3d 1582, 1584 [2d Dept 2020]).

Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780 [1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton,* 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz,* 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported with an affirmation from Lisa M. Benson ("Benson"), an Assistant Secretary for Fay Servicing, LLC ("Fay"), attorney in fact for Plaintiff. As the action was not commenced by Fay as servicer for Plaintiff, nor is it presently being prosecuted as same (*cf. CWCapital Asset Mgt. v Charney-FPG 114 41st St., LLC,* 84 AD3d 506, 507 [1st Dept 2011], Plaintiff was required to demonstrate Fay's authority to act on its behalf (*see eg 21st Mtge. Corp. v Adames,* 153 AD3d 474, 476-477 [2d Dept 2017]). Plaintiff fulfilled this obligation by proffering a limited power of attorney, dated August 17, 2023, in which Plaintiff's Trustee nominated Fay as its "Servicer" and which expressly included the authority to prosecute a foreclosure action (*see U.S. Bank N.A. v Tesoriero,* 204 AD3d 1066 [2d Dept 2022]; *Deutsche Bank Natl. Trust Co. v Silverman,* 178 AD3d 898 [2d Dept 2019]).

As to the substance of Benson's affidavit, it was averred that her knowledge concerning the issues raised in this action were derived solely from a review of Fay's business records. Benson laid a proper foundation for the admission of Fay's records into evidence under CPLR §4518 (*see Bank of N.Y. Mellon v Gordon,* 171 AD3d 197 [2d Dept 2019]). Nevertheless, virtually all the salient loan documents were created by Plaintiff's assignor, BoA, and Benson failed to demonstrate knowledge of any other entity's record keeping practices (*see Berkshire Bank v Fawer,* 187 AD3d 535 [1st Dept 2020]; *IndyMac Fed. Bank, FSB v Vantassell,* 187 AD3d 725 [2d Dept 2020]). Benson also failed to attest that any records received from prior makers were incorporated into the records Fay kept and were routinely relied on in its business (*see U.S. Bank N.A. v Kropp-Somoza,* 191 AD3d 918 [2d Dept 2021]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780, 782-783 [2d Dept 2019]; *cf. Bank of Am., N.A. v Brannon,* 156 AD3d 1, 10 [1st Dept 2017]).

As to Defendant's default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann,* 183 AD3d 700, 702 [2d Dept 2020]). Here, Plaintiff annexed the records it claims evidence Moran's default, however, Plaintiff failed to establish it was the servicer when the default occurred. The only evidence of its authority to act, the power of attorney, is dated well after the alleged default in repayment. Absent then is sufficient proof that the proffered records are based on business records created by Fay as opposed to Plaintiff or its assignor (*see Fulton Holding Group, LLC v Lindoff,* 165 AD3d 1053, 1055 [2d Dept 2018]).

Accordingly, since insufficient evidence to demonstrate the note, mortgage and Defendants' default in admissible form was proffered, Plaintiff failed to establish any of the *prima facie* elements of the cause of action for foreclosure (*see Federal Natl. Mtge. Assn. v Allanah,* 200 AD3d 947 [2d Dept 2021]).

Regarding the affirmative defenses, Moran only offered opposition to dismissal of his first, second, third and sixth affirmative defenses. Reliance on the fourth, fifth and seventh affirmative defenses, as well as RPAPL §1306, was abandoned by Morant's failure to raise specific legal arguments in rebuttal (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]). The second affirmative defense of lack of personal jurisdiction fails based upon this Court's decision dated December 2, 2024 (NYSCEF Doc No 94). Likewise, any reliance on RPAPL §1303 is unavailing based upon that decision. Accordingly, the only viable remaining affirmative defenses are the first, third and the sixth, to the extent it is based upon RPAPL §1304.

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its causes of action for foreclosure and appointment of a referee are denied, and it is

ORDERED that a default judgment against the non-appearing parties is granted and it is

ORDERED that the fourth, fifth and seventh affirmative defenses, as well as the sixth to the extent it is based upon RPAPL §§1303 and 1306 are stricken, and it is

ORDERED that the Defendants captioned as "JOHN DOE" are hereby stricken from the caption, and it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------------X
U.S. BANK TRUST COMPANY, NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS INDENTURE
TRUSTEE OF CIM TRUST 2022-NR1,

Plaintiff,

-against-

TREVOR C. MORAN, THE BOARD OF
MANAGERS OF 120 RIVERSIDE
BOULEVARD AT TRUMP PLACE,

Defendants.

--------------------------------------------------------------------------------X
and it is

850028/2024 U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS INDENTURE TRUSTEE OF CIM TRUST 2022-NR1 vs. MORAN, TREVOR C. ET AL
Motion No. 003

Page 3 of 4

3 of 4

[* 3]

ORDERED that this matter is set down for a status conference on **January 30, 2025 @ 11:20 am** via Microsoft Teams.

| 12/6/2024 | | | |
|---|---|---|---|
| **DATE** | | | FRANCIS KAHN, III, A.J.S.C. |

**HON. FRANCIS A. KAHN III**
**J.S.C.**

CHECK ONE:

| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | GRANTED | DENIED | X | GRANTED IN PART | OTHER |

APPLICATION:

| | SETTLE ORDER | | | SUBMIT ORDER |

CHECK IF APPROPRIATE:

| | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

850028/2024  U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS INDENTURE TRUSTEE OF CIM TRUST 2022-NR1 vs. MORAN,
TREVOR C. ET AL
Motion No. 003

Page 4 of 4

4 of 4