Wells Fargo Bank, N.A. v Tricario (2020 NY Slip Op 01112)





Wells Fargo Bank, N.A. v Tricario


2020 NY Slip Op 01112


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-01975 
2017-01977
 (Index No. 6507/14)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Joseph Tricario, et al., defendants, Donna Tricario, appellant.


Christopher Thompson, West Islip, NY, for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Femano of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donna Tricario appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 23, 2016, and (2) an order of the same court entered October 17, 2016. The order entered September 23, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Donna Tricario, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. The order entered October 17, 2016, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered September 23, 2016, is dismissed, as the portions of the order appealed from were superseded by the order entered October 17, 2016; and it is further,
ORDERED that the order entered October 17, 2016, is modified, on the law, (1) by the deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Donna Tricario, to strike that defendant's eighth affirmative defense, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof appointing a referee to compute the amount due to the plaintiff; as so modified, the order entered October 17, 2016, is affirmed insofar as appealed from, and the order entered September 23, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Donna Tricario.
The plaintiff commenced this action against, among others, the defendant Donna Tricario (hereinafter the defendant), to foreclose a mortgage encumbering residential real property located in East Meadow. The defendant answered and raised various affirmative defenses, including [*2]lack of standing and failure to comply with conditions precedent pursuant to RPAPL 1304 and the subject mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her based upon lack of standing and failure to properly provide notice of default as required by RPAPL 1304 and paragraph 22 of the mortgage agreement.
In an order entered September 23, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. In an order entered October 17, 2016, the court granted the same relief and appointed a referee to compute the amount due under the loan. The defendant appeals, and we modify.
In an action to foreclose a mortgage, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992).
Here, attached to the plaintiff's complaint was a copy of the underlying note, stamped with a specific endorsement to Residential Funding Company, LLC, by People's Choice Home Loan Inc., the original lender, to which was annexed an allonge bearing an endorsement in blank by Residential Funding Company, LLC. Contrary to the defendant's contention, "[t]his alone was sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced" (Cenlar FSB v Tenenbaum, 172 AD3d 806, 807; see U.S. Bank N.A. v Henry, 157 AD3d 839, 841; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). As to the defendant's contention that the plaintiff "admits it did not receive the note until 2014, yet the [pooling and servicing agreement] required the note be delivered seven years prior," "[a]s a mortgagor whose loan is owned by a trust, the appellant does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the relevant pooling and servicing agreement" (U.S. Bank N.A. v Saravanan, 146 AD3d at 1012; see Bank of Am. N.A. v Patino, 128 AD3d 994, 994-995; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1178).
Nevertheless, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the eighth affirmative defense, and for an order of reference, as the evidence submitted in support of the plaintiff's motion failed to establish, prima facie, that the plaintiff strictly complied with RPAPL 1304 or that it substantially complied with the notice requirements pursuant to paragraph 22 of the mortgage agreement.
RPAPL 1304 provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer must give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826), "and the plaintiff has the burden of establishing satisfaction of [*3]this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
In this case, the plaintiff relied on the affidavit of a representative of the plaintiff's loan servicer and copies of the purported notices and U.S. Post Office receipts. The affidavit did not explain how the notations on the U.S. Post Office receipts established that the subject notices were actually sent to the defendant in the manner required by RPAPL 1304 (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663). Further, the affidavit, by itself, was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the representative did not attest that he had "personal knowledge of the business practices for mailing of notices" by the servicer, and did not describe such mailing practices. Accordingly, since the plaintiff failed to provide evidence of the actual mailing by either certified mail or first-class mail, or "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure . . . the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [citations and internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513; U.S. Bank, N.A. v Cope, 175 AD3d 527).
For the same reasons, the plaintiff failed to establish, prima facie, "that it mailed a notice of default to the defendant by first-class mail on any particular date, or actually delivered such notice to the designated address if sent by other means, as required by the terms of the mortgage as a condition precedent to foreclosure" (U.S. Bank N.A. v Ahmed, 174 AD3d at 663-664; see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 791; Emigrant Bank v Myers, 147 AD3d 1027, 1028). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, for summary judgment dismissing the eighth affirmative defense, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was to dismiss the complaint insofar as asserted against her based upon the plaintiff's failure to comply with RPAPL 1304 and paragraph 22 of the mortgage agreement. "Even in the face of a plaintiff's failure to establish, prima facie, that a notice was properly mailed on a motion for summary judgment on the complaint, . . . a defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that the condition precedent was not fulfilled" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d at 792; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 881).
The defendant failed to establish, prima facie, that the plaintiff did not strictly comply with the mailing requirements set forth in RPAPL 1304 or in paragraphs 15 and 22 of the mortgage agreement in providing the required notices to the defendant. In an affidavit submitted in support of her cross motion, the defendant denied having received notices pursuant to RPAPL 1304 or paragraph 22 of the mortgage agreement. In addition, noting that the copies of the notices purportedly mailed to the address of the subject property were dated November 18, 2013, the defendant averred that she had left her husband and their residence at that address in 2008. She then lived in Franklin Square for a year, and has been living in Bohemia since 2009. However, while RPAPL 1304 provides that "[t]he notices required by this section shall be sent . . . to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]), [*4]the defendant did not allege, or provide any evidence, that the lender knew her address had changed. Contrary to the defendant's assertion in her affidavit, the defendant was served with the notice of pendency, summons, and complaint at her address in Bohemia, on July 16 and 17, 2014—eight months after November 18, 2013, the date the notices were allegedly sent—not on July 16 and 17, 2013, as she asserts in her affidavit. That the Bohemia address was "the last known address of the borrower" in July 2014 does not establish, prima facie, that it was her last known address in November 2013. Similarly, paragraph 15 of the mortgage agreement contained a provision stating that notices would be sent to the address of the subject property, unless the defendant notified the lender of a different address. Further, the borrowers agreed to "promptly notify [the] [l]ender of any change of address." Since the defendant did not assert that she notified the lender of the change in her address, the plaintiff was not required, and could not be expected, to send the notice to the new address. Since the defendant's affidavit, which was the only evidence submitted in support of her cross motion, was insufficient to establish, prima facie, that the plaintiff failed to comply with the statutory or contractual notice requirements, we agree with the court's denial of her cross motion.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court