Deutsche Bank Natl. Trust Co. v Kirschenbaum (2020 NY Slip Op 05849)





Deutsche Bank Natl. Trust Co. v Kirschenbaum


2020 NY Slip Op 05849


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 850141/14 Appeal No. 12100 Case No. 2020-00944 

[*1]Deutsche Bank National Trust Company, as Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates, Plaintiff-Respondent,
v
Joshua Kirschenbaum, Defendant-Appellant, Winston Capital, LLC, et al., Defendants.


Richland & Falkowski, PLLC, Astoria (Michal Falkowski of counsel), for appellant.
Davidson Fink LLP, Rochester (Richard N. Franco of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 31, 2019, upon an order, same court (Judith N. McMahon, J.), entered August 6, 2018, which granted plaintiff's motion for summary judgment and an order of reference, confirming the referee's report on the amount due to plaintiff and awarding plaintiff damages in that amount, unanimously reversed, on the law, without costs, the judgment vacated, plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale denied, and the matter remanded to the court for a new report computing the amount due to plaintiff.
The referee relied on an affidavit sworn to October 2, 2018 by an assistant vice president of plaintiff's loan servicer, who asserted that, according to the books and records of plaintiff pertaining to defendant's loan and payment history, defendant had been in default since March 1, 2009, and owed plaintiff the amount stated. However, because the books and records themselves were not submitted to the court, the affiant's assertions are inadmissible hearsay (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1310-1311 [2d Dept 2019]). Nor did the affiant lay a foundation for the introduction of the books and records as a business record (see CPLR 4518[a]).
Contrary to defendant's contention, however, plaintiff established prima facie its entitlement to foreclosure by submitting evidence of the note and mortgage and proof of defendant's default, and defendant failed to raise an issue of fact (see Horizons Invs. Corp. v Brecevich, 104 AD3d 475 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020