**Cl Notes LLC v 7th Realty Holdings, LLC**

2024 NY Slip Op 33862(U)

October 25, 2024

Supreme Court, New York County

Docket Number: Index No. 850657/2023

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. FRANCIS A. KAHN, III</u>            PART                    32

*Justice*

------------------------------------------------------------------X

CI NOTES LLC,

                              Plaintiff,

             - v -

7TH REALTY HOLDINGS, LLC, SAADIA SHAPIRO,
SHAPIRO & ASSOCIATES ATTORNEY AT LAW,
PLLC, CITY OF NEW YORK ENVIRONMENTAL CONTROL
BOARD, CITY OF NEW YORK DEPARTMENT OF
FINANCE, JOHN DOE #1-10 AND JANE DOE #1-10,

                          Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850657/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103

were read on this motion to/for            <u>SUMMARY JUDGMENT(AFTER JOINDER</u>     .

Upon the foregoing documents, the motion is determined as follows:

    This is an action to foreclose on a consolidated, extended and modified mortgage encumbering a parcel of commercial real property located at 2291 Adam C Powell Blvd., New York, New York. The mortgage, dated January 6, 2017, was given by Defendant 7th Realty Holdings ("Realty") to non-party Santander Bank, NA ("Santander") to secure a loan with an original principal amount of $1,160,000.00. The indebtedness is memorialized by a mortgage note the same date as the mortgage. Governing the loan transaction was a contemporaneous business loan agreement. All loan documents were executed by Defendant Saadia Shapiro ("Shapiro") as Managing Member of Realty. Concomitantly with these documents, Defendant Shapiro executed a guaranty of the indebtedness. Shapiro executed another on behalf of Defendant Shapiro & Associates Attorneys at Law, PLLC ("Associates").

    Plaintiff commenced this action and pled in the complaint that Defendants defaulted on an installment payment due September 1, 2022. Defendants Realty, Shapiro and Associates pled twelve affirmative defenses, including lack of standing. Now, Plaintiff moves for summary judgment against the appearing Defendants, to strike their answer and affirmative defenses, a default judgment against the non-appearing Defendants, an order of reference and to amend the caption. Defendants oppose the motion.

    In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default in repayment (*see U.S. Bank, N.A. v James,* 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles,* 151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC,* 78 AD3d 577 [1st Dept 2010]). Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780 [1st Dept 2019]). Based on the affirmative defenses pled, Plaintiff was required to demonstrate, *prima facie,* its standing

(*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]). As to the Mortgagor's default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). In support of this motion, a plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported by an affidavit from Steve Hackel, ("Hackel"), an Authorized Officer of Plaintiff. Hackel avers that the submission was based upon, among other things, a review of Plaintiff's records and personal knowledge of its record keeping practices. Hackel's affidavit laid a proper foundation for the admission of Plaintiff's records into evidence under CPLR §4518 by sufficiently showing that the records "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record[s][were] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record[s] [were] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). The records of Santander were also admissible since Hackel established that those records were received from the maker, incorporated into the records Plaintiff kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]). In any event, Santander's records were also admissible under CPLR §4518 based upon the affidavit from Mark T. Haskins ("Haskins"), a Senior Vice President of Santander (*Bank of N.Y. Mellon v Gordon*, supra). In addition, the records referenced by Hackel and Haskins were supplied with the motion (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]).

Hackel's review of the attached records demonstrated the material facts underlying the claim for foreclosure, to wit the mortgage, note, and evidence of mortgagor's default in repayment under the note (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]; *see also Bank of NY v Knowles*, supra; *Fortress Credit Corp. v Hudson Yards, LLC*, supra). Accordingly, Plaintiff established its entitlement to summary judgment on its cause of action for foreclosure against Defendant Realty.

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). As relevant to this action, standing can and was demonstrated by a written assignment of the underlying note (*see Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2d Dept 2016]). Although a written assignment of a mortgage is often a nullity in this context (*see eg U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 748 [2d Dept 2012]), the assignment of the consolidated mortgage from Santander to Plaintiff provides the mortgage was transferred "TOGETHER with the notes or obligations described in said mortgages". This language sufficiently established conveyance of the note (*see Broome Lender LLC v Empire Broome LLC*, 220 AD3d 611 [1st Dept 2023]; *US Bank Natl. Assn. v*

*Ezugwu*, 162 AD3d 613 [1st Dept 2018]; *see also Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307 [3d Dept 2012]; *GRP Loan, LLC v Taylor*, 95 AD3d 1172 [2d Dept 2012]). As such, the issues concerning the allonges and physical delivery of the note are irrelevant.

As to the guarantors, "'[o]n a motion for summary judgment to enforce a written guaranty all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty'" (*see 4 USS LLC v DSW MS LLC*, 120 AD3d 1049, 1051 [1st Dept 2014], *quoting City of New York v Clarose Cinema Corp.*, 256 AD2d 69, 71 [1st Dept 1998]). Here, all the guarantees provide that the signatories "unconditionally and irrevocably guarantees the due and punctual payment to Lender when stated to be due of all present and future amount". The affidavit submitted by Plaintiff and the supporting documents demonstrated a *prima facie* case for summary judgment against Shapiro and Associates.

In opposition, Defendants' claim that Plaintiff failed to demonstrate all the elements of a cause of action for foreclosure is without merit. The affidavit and proffered business documents were all in admissible form. The claim that Plaintiff was required to proffer an affidavit from someone with "personal knowledge" of all the transactions at issue is inapposite. Admissible evidence on a motion for summary judgment includes, but is not limited to, affidavits from persons with personal knowledge (*see eg Viviane Etienne Med. Care v Country-Wide Ins. Co.*, 25 NY3d 498, 508 [2015]). Further, "CPLR 4518 (a) does not require a person to have personal knowledge of each of the facts asserted in the affidavit of merit put before the court as evidence of a defendant's default in payment" (*Bank of Am v Brannon*, supra at 8). The claim that proof of the default was inadequate is inapt. Plaintiff proffered the records of the original lender, Santander, which contain a ledger of the financial transactions under the loan.

The claim Plaintiff was required to produce the records of an earlier note and mortgage given to Flushing Bank is without merit as that loan and lien were consolidated in the mortgage subject to foreclosure (*see Wells Fargo Bank N.A. v Ho-Shing*, 168 AD3d 126 [1st Dept 2019]; 3 Bergman on New York Mortgage Foreclosures § 23.75 [2024]["At the same time, when a plaintiff sues upon a restated note, funding on the original note is irrelevant"]). This is because the earlier note is "subsumed" by the latter (*see BAC Home Loans Servicing, LP v Uvino*, 155 AD3d 1155, 1159, n 4 [3d Dept 2017]).

Defendants' claim that a pre-foreclosure notice was a contractual condition precedent to commencement of this action is misplaced. Section 2.02 of the mortgage provides that "[u]pon the occurrence of any such Event of Default, Mortgagee, *without notice or presentment* . . . may take such action . . . as it deems advisable" which includes under subdivision [c][ii] of that section, the right to "institute an action of mortgage foreclosure". The argument regarding the purported unconscionability of the "Waiver and Acknowledgement Agreement" executed along with the loan documents is a red herring.[1] The waiver agreement is not a loan document necessary to a foreclosure action or this motion. That it contains a waiver of any of Defendants' affirmative defenses to this action is, in the end, futile as the affirmative defenses pled are without merit as found infra.

---

[1] "In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforceable because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (*King v Fox*, 7 NY3d 181, 191 [2006]). Based on the undisputed facts, Shapiro, a licensed New York State attorney with 30 years of experience and head of her own law firm, was not placed in a procedurally unconscionable position, nor was the waiver substantively unconscionable (*see Weiss v Phillips*, 157 AD3d 1 [1st Dept 2017]; *Emigrant Mtge. Co., Inc. v Fitzpatrick*, 95 AD3d 1169 [2d Dept 2012]; *see also PHH Mtge. Corp. v Davis*, 111 AD3d 1110 [3d Dept 2013]). Such waivers are commonplace in arms-length business loan transactions such as this.

[* 3]

As to the branch of Plaintiff's motion to dismiss Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov,* 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

All the affirmative defenses and counterclaims are entirely conclusory and unsupported by any facts in the answer or by the papers submitted in opposition. As such, these affirmative defenses are nothing more than an unsubstantiated legal conclusion which is insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden,* 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson,* 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). Further, to the extent that no specific legal argument was proffered in support of a particular affirmative defense or claim, they were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

Any assertion the motion must be denied because no discovery has been conducted is unavailing as Defendants have offered nothing to demonstrate Plaintiff is in exclusive possession of facts which would establish a viable defense to Defendants' repayment default (*see Island Fed. Credit Union v. I&D Hacking Corp.*, 194 AD3d 482 [1st Dept 2021]). In any event, as "the affirmative defenses are precluded, no discovery could lead to facts that would warrant denial of plaintiff's summary judgment motion" (*Bernstein v Dubrovsky*, 169 AD3d 410 [1st Dept 2019]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted without opposition (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment on its foreclosure claim against the appearing parties and for a default judgment against the non-appearing parties is granted; and it is further

ORDERED that the branch of Plaintiff's motion for summary judgment on its claim under the guarantees against Defendants Shapiro and Associates is granted; and it is further

ORDERED that the affirmative defenses pled by all the appearing Defendants are dismissed; and it is further

ORDERED that **Roberta Ashkin, Esq., 400 East 70th Street New York New York 10021, (646) 779-8520** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED, that the caption of this action be amended by deleting "JOHN DOE 1-10" and "JANE DOE 1-10" as party defendants herein, said defendants with not being necessary to this action, all without prejudice to the prior proceedings and adding defendants "EVA ABRAHA" and "JIMMY BANE" as party defendants, and it is further

ORDERED the caption is amended as follows:

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
CI NOTES LLC,

                              Plaintiff,

           -against-

7" REALTY HOLDINGS, LLC; SAADIA SHAPIRO;
SHAPIRO & ASSOCIATES ATTORNEYS AT LAW,
PLLC; CITY OF NEW YORK ENVIRONMENTAL
CONTROL BOARD; CITY OF NEW YORK
DEPARTMENT OF FINANCE; EVA ABRAHA; HMMY
BANE,

                              Defendants.
---------------------------------------------------------------------X

and it is further,

      ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

      ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

      ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

      ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

      ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

      All parties are to appear for a virtual conference via Microsoft Teams on **February 27, 2025, at 10:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

|      10/25/2024 | | | | | | HON. FRANCIS A. KAHN III |
| DATE | | | | | | FRANCIS KAHN, III, A.J.S.C. J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850657/2023  CI NOTES LLC vs. 7TH REALTY HOLDINGS, LLC ET AL
Motion No. 002

Page 6 of 6