## Wilmington Sav. Fund Socy., FSB v 294 Combs Ave LLC

2025 NY Slip Op 31679(U)

May 9, 2025

Supreme Court, Richmond County

Docket Number: Index No. 152148/2023

Judge: Lizette Colon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY, BUT
SOLELY AS OWNER TRUSTEE OF NYMT LOAN
TRUST 2022INV1,

Present:
HON. LIZETTE COLON

                                        Plaintiff,

-against-

DECISION AND ORDER

294 COMBS AVE LLC; DEBBIE LOBAITO A/K/A
DEBRA A. LOBAITO A/K/A DEBBIE ANN
LOBAITO; NEW YORK CITY DEPARTMENT OF
FINANCE; NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE; "JOHN DOE" and
"JANE DOE" said names being fictitious, it being the
intention of Plaintiff to designate any and all occupants
of premises being foreclosed herein,

Index No. 152148/2023

Motion No. 001

                                        Defendants.
-------------------------------------------------------------------X

The following e-filed documents listed by NYSCEF as Motion 001 document numbers 17-35, 45-47, 49, and 55.

Upon the foregoing papers, Plaintiff's motion for summary judgment and appointment of referee is granted in its entirety.

## I.   PROCEDURAL HISTORY

Plaintiff commenced this action for foreclosure with the filing of a Summons and Complaint on November 22, 2023. Defendants 294 Combs Ave LLC (hereinafter the "Borrower") and Debbie Lobaito (hereinafter the "Guarantor") (collectively the "Defendants") jointly filed a Verified Answer on December 6, 2023. Pursuant to an order dated November 27, 2024, the Borrower and Guarantor jointly filed an Amended Verified Answer on December 9, 2024.

On March 25, 2024, Plaintiff filed this motion seeking an order granting summary judgment (mot. seq. 001). The Borrower and Guarantor jointly filed opposition.

## II.   FACTUAL BACKGROUND

On December 10, 2021, Debbie Lobaito as sole managing member of 294 Comb Ave LLC, a New York limited liability company, obtained a loan in the sum of $544,500.00 (hereinafter the "Note"), pursuant to the terms of the Loan and Security Agreement of even date (hereinafter the "Loan Agreement"), from BPL Mortgage Trust, LLC (hereinafter the "Lender"). As delineated in the Business Purpose of Loan Certification, executed by the Borrower on the same day as the Note and the Loan Agreement, the primary purpose of the loan was identified as "investment." Simultaneously therewith, Debbie Lobaito executed a personal guaranty for the loan "to induce the Lender to make the loan to the Borrower." The Borrower executed to Lender a mortgage of even date with said Note, thereby encumbering the premises located at 294 Combs Avenue, Staten Island, New York 10306 (hereinafter the "Mortgaged Premises") as collateral security for the Note. Said mortgage was recorded in the County Clerk's Office of Richmond County on January 6, 2022 in Land Document Number 867499 (hereinafter the "Mortgage").

Through a series of subsequent assignments, the Mortgage was ultimately assigned to Plaintiff on September 21, 2023. The Borrower defaulted on the Mortgage by failing to make the payment due on December 1, 2022, along with subsequent payments. The Guarantor likewise failed to honor her personal guaranty.

Now, Plaintiff, moves for, *inter alia*, summary judgment against the Borrower and Guarantor, dismissal of affirmative defenses contained in their Answer, to amend the caption removing "JOHN DOE" and "JANE DOE" and adding DENNIS LOBAITO, default judgment

2

[* 2]

against the non-appearing defendants, and for an order of reference. Borrower and Guarantor oppose Plaintiff's motion.

### III.    LEGAL ANALYSIS

A motion for summary judgment, may be granted only if the movant tenders sufficient evidence in admissible form demonstrating, prima facie, the absence of triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).  If that burden is met, the burden shifts to the party opposing the motion to produce evidentiary proof in an admissible form establishing the existence of material issues of fact requiring trial (*Zuckerman* at 562).

On the branch of its motion for summary judgment, Plaintiff is required to establish *prima facie* proof of the mortgage, the note, and evidence of the borrower's default (*Rcr Servs. v Herbil Holding Co.*, 229 AD2d 379 [2d Dept 1996]; *Vil. Bank v Wild Oaks Holding*, 196 AD2d 812 [2d Dept 1993]; *Marton Assoc. v Vitale*, 172 AD2d 501 [2d Dept 1991]).  Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (CPLR §3212[b]; *United States Bank N.A. v Rowe*, 194 AD3d 978 [2d Dept 2021]).  Plaintiff is also required to demonstrate its standing since Defendant raised this affirmative defense in their answer (*Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2nd Dept 2020]; *Wells Fargo Bank, N.A. v McKenzie*, 186 AD3d 1582 [2d Dept 2020]).

In support of its motion for summary judgment, Plaintiff submits the affidavit of Eric R. Wilson (hereinafter "Wilson"), who is employed as Assistant Secretary by Fay Servicing, LLC. Wilson's affidavit laid a proper foundation for the admission of Plaintiff's records into evidence

3

under CPLR §4518 (*Bank of NY Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). Wilson sufficiently established that the records of other entities are likewise admissible as they are incorporated into the records that Plaintiff routinely relies upon in its business (*U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]). Wilson further relied on records referenced and annexed to the motion *(Nationstar Mtge., LLC v Durane-Bolivard*, 175 AD3d 1308 [2d Dept 2019]). Wilson's affidavit and the referenced documents sufficiently evidenced the note, mortgage, and the Defendants' default.

Standing in a foreclosure action is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]). As to the latter two circumstances, the note is the dispositive instrument (*Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). Here, Plaintiff must demonstrate that it held the note when it commenced the action. Since there is no dispute that Plaintiff was not the original lender, one of the two other requisites must be proved.

The second circumstance requires Plaintiff to show, in this case, that it was the "holder" of the note at the time the action was commenced. "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff" (*Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [2d Dept 2015]). The indorsement must be made either on the face of the note or on an allonge "so firmly affixed thereto as to become a part thereof" (UCC

4

[* 4]

§3-202[2]). In a mortgage foreclosure action, "[t]he attachment of a properly endorsed note to the complaint may be sufficient to establish, *prima facie*, that the plaintiff is the holder of the note at the time of commencement" (*Deutsche Bank Natl. Trust Co. v Webster*, 142 AD3d 636, 638 [2d Dept 2016]).

Here, Plaintiff established, *prima facie*, it had standing as the holder of the note, as evidenced by its attachment of the note along with an allonge containing an endorsement in blank, to the Summons and Complaint at the time the action was commenced (*Nationstar Mtge., LLC v Balducci*, 165 AD3d 959 [2d Dept 2018]). In opposition the Defendant failed to raise a triable issue of fact.

This Court finds that Plaintiff sufficiently established its entitlement to summary judgment against the Borrower through its submissions. The Plaintiff's moving papers demonstrate, *prima facie*, that none of the asserted defenses set forth in the Answer of the Borrower and Guarantor are meritorious and Plaintiff is entitled to summary judgment on its causes of actions (*EMC Mortg. Corp. v Riverdale Assocs.*, 291 AD2d 370 [2d Dept. 2002]). As stated above, the Complaint herein sufficiently sets forth a valid cause of action for foreclosure. Plaintiff submitted a copy of the mortgage, note, and affidavit from Eric R. Wilson establishing the Borrower's default in payment. The Plaintiff demonstrated proper service of the Summons and Complaint and showed by admissible evidence that it possessed the note and mortgage as of the date of the commencement of the action.

As the Plaintiff made a *prima face* case for summary judgment, the burden shifts to the Defendants to produce evidence in admissible form sufficient to raise a material issue of fact. In

5

[* 5]

opposition to the motion, the Guarantor submits an affidavit denying that the purpose of the loan was commercial and asserting her lack of understanding of the transaction as a "natural person."

In their opposition, the Borrower and Guarantor further rely on their fifth, seventeenth, and nineteenth affirmative defenses of fraud and breach of good faith and fair dealing. With regard to their allegations of fraud as set forth in the Guarantor's affidavit, the Defendants failed to raise a triable issue of fact as to the elements of material misrepresentation and justifiable reliance upon the alleged misrepresentation (*see JPMorgan Chase Bank, N.A. v Rosa*, 169 AD3d 887 [2d Dept 2019]).

First, the Guarantor's allegations that she relied upon prior contemporaneous statements of the Plaintiff at the time of the execution of the note violate the parole evidence rule and are barred (*id.*, quoting *M & T Mtge. Corp. v Ethridge*, 300 AD2d 286, 287 [2d Dept 2002]). "Evidence of what may have been agreed orally between the parties prior to the execution of an integrated written instrument cannot be received to vary the terms of the writing" (*id.*, quoting *Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1072 [2d Dept 2012]). Here, the Guarantor's claim of fraud in the inducement, based upon alleged prior oral agreements, is barred by her signature acknowledging that the Guaranty supersedes all prior agreements, whether verbal or written. The Guaranty contains the following relevant clause:

> **Entire Agreement.** This Guaranty embodies the entire agreement and understanding between Guarantor and Lender pertaining to the subject matter of this Guaranty, and supersedes all prior agreements, understandings, negotiations, representations, and discussions, whether verbal or written, of the parties, pertaining to that subject matter. Guarantor is not relying on any representations, warranties, or inducements from Lender that are not expressly stated in this Guaranty.

6

[* 6]

While a general merger clause is ineffective to exclude parole evidence of fraud in the inducement, a specific disclaimer defeats any allegation that the contract was executed in reliance upon contrary oral representations (*Legum v Russo*, 133 AD3d 638, 640 [2d Dept 2015]). Here, the Defendants' claim of fraud in the inducement, based upon alleged prior oral agreements, is barred by the Guarantor's signature acknowledging that the Guaranty supersedes all prior agreements, whether verbal or written (*JPMorgan Chase Bank, N.A. v Rosa*, 169 AD3d 887 [2d Dept 2019]).

The Defendants further argue in opposition to the Plaintiff's *prima facie* showing that neither was served with the requisite RPAPL §1304 notices, a condition precedent to commencement of a foreclosure action in connection with a home loan. However, RPAPL 1304[6][1][a][i]-[iv] defines a qualifying "home loan" as one in which, inter alia, the borrower is a natural person; the borrower incurs the debt "primarily for personal, family, or household purposes"; and the loan is secured by a mortgage on a real property in this state "used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling."

Defendants urge this Court to interpret these statutes as being applicable to the instant matter since Debbie Lobaito is a natural person and the mortgaged premises are occupied by her as her primary residence. While this Court agrees with Defendants' contention that the legislature, in enacting these statutes, sought to assist homeowners at risk of foreclosure, the Court is unpersuaded by the Defendants' interpretation of the relevant statutes.

7

[* 7]

In determining the reach of RPAPL 1304, the "'starting point' is 'the language itself, giving effect to the plain meaning thereof'" (*Independence Bank v Valentine*, 113 AD3d 62, 65 [2d Dept 2013], quoting (*Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55, 60 [2013]). "'[W]here the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used'" (*id.*, quoting *Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d at 60).

Application of RPAPL 1304 is limited to residential foreclosure actions involving home loans as the term "home loan" is defined by said statute. As so defined, home loans are those which are made to a natural person and in which the debt incurred is primarily for personal, family, or household purposes (*see* RPAPL 1304 [6][a][1][i], [ii]).

The borrower, as defined under the instant mortgage agreement and note, and the entity that is recognized in the guaranty, was 294 Combs Ave LLC. Accordingly, the borrower of the sum evidenced by the note was 294 Combs Ave LLC, not Debbie Lobaito. The borrower was not a natural person (*see* RPAPL 1304 [6][1][a][i]). Under these facts, Debbie Lobaito does not fall within the protection afforded to homeowners under RPAPL 1304. Here, the Plaintiff made a loan to 294 Combs Ave LLC, a New York limited liability company, not Debbie Lobaito, a natural person. Debbie Lobaito simply acted as the guarantor of the Borrower's loan. Accordingly, the Court rejects Defendants' argument in opposition to Plaintiff's motion.

Accordingly, this Court finds that Plaintiff's submissions are sufficient to establish its entitlement to summary judgment and finds that the allegations set forth in Defendants' affirmative defenses are insufficient to defeat the motion for summary judgment. Therefore, the

8

[* 8]

Plaintiff's motion for summary judgment is granted and the affirmative defenses contained in the Defendants' answer are stricken.

All incidental relief requested by the Plaintiff is also granted. "DENNIS LOBAITO" is hereby substituted as a party defendant for "JOHN DOE" and "JANE DOE." The caption is amended to reflect these party changes, and all future proceedings shall be captioned accordingly.

Plaintiff is awarded a default judgment deeming all non-appearing and non-answering defendants in default.

Plaintiff's application for the appointment of a referee to compute the amounts due under the subject mortgage is also granted.

The court considered Defendant's remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED, that Plaintiff's motion for summary judgment and order of reference is granted in its entirety.

This constitutes the Decision and Order of the Court.

ENTER,

Dated: 5/9/25

_____

Hon. Lizette Colon, J.S.C.

9

[* 9]