| |
|---|
| **Loan Funder LLC, Series 18644 v Ibarra LLC** |
| 2026 NY Slip Op 31019(U) |
| March 13, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 850552/2023 |
| Judge: Francis A. Kahn III |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

INDEX NO. 850552/2023

RECEIVED NYSCEF: 03/16/2026

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. FRANCIS A. KAHN, III**

*Justice*

-------------------------------------------------------------------X

LOAN FUNDER LLC, SERIES 18644,

Plaintiff,

- v -

IBARRA LLC, DIANA IBARRA, NYC ENVIRONMENTAL
CONTROL BOARD, NYS DEPARTMENT OF TAXATION &
FINANCE,

Defendants.

-------------------------------------------------------------------X

| PART | 32 |
|---|---|
| INDEX NO. | 850552/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for                    JUDGMENT - SUMMARY                   .

Upon the foregoing documents, the motion is determined as follows:

This is an action to foreclose on a mortgage encumbering a parcel of commercial real property located at 228 West 136th Street, New York, New York. The consolidated and modified mortgage, dated April 2, 2021, was given by Defendant Ibarra, LLC ("Ibarra") to non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Great Stone Capital Fund A LLC ISAOA/ATIMA ("Great") to secure a loan with an original principal amount of $1,300,000.00. The indebtedness is memorialized by a mortgage note of the same date as the mortgage. The note and mortgage were executed by Defendant Diana Ibarra ("Diana") as Managing Member of Ibarra. Concomitantly with the loan documents, Defendant Diana executed a guarantee of the indebtedness. On April 2, 2022, and July 2, 2022, Plaintiff Loan Funder LLC, Series 18644 ("Funder") and Defendnats executed extension agreements wherein Defendants acknowledged the indebtedness, and their maturity default.

Plaintiff commenced this action and pled that Defendants defaulted in repayment on or about October 2, 2022. Defendants answered and pled forty-eight affirmative defenses, including lack of standing, and two counterclaims. By order of this Court dated January 16, 2025, Plaintiff's motion for summary judgment was denied on the basis that Plaintiff failed to prove its standing to commence this action. Otherwise, Plaintiff demonstrated the *prima facie* elements of its foreclosure action and that all the other affirmative defenses should be stricken. Now, Plaintiff again moves for summary judgment and an order of reference. Defendants Ibarra and Diana oppose the motion.

Proof supporting a *prima facie* case on a motion for summary judgment must be in admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski*, 172 AD3d 780 [1st Dept 2019]). In support of a motion for summary judgment on a cause of action for foreclosure, a plaintiff may rely on evidence from persons with personal knowledge of the facts, documents in admissible form and/or persons with knowledge derived from produced admissible records (*see eg U.S. Bank N.A. v*

850552/2023  LOAN FUNDER LLC, SERIES 18644 vs. IBARRA LLC ET AL          Page 1 of 4
Motion No. 002

1 of 4

[* 1]

*Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evidence the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

The only unresolved issue on this motion is proof of Plaintiff's standing. Plaintiff's present motion was supported by an affidavit from Amar Shah, ("Shah"), the Deputy Chief Credit Officer for the Plaintiff and for its authorized loan servicer Loan Funder LLC ("Funder"), as well as Letycia Lopez, ("Lopez"), Senior Mediation Specialist of Selene Finance LP ("Selene"), the servicer and attorney-in-fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF2 Acquisition Trust assignee to Plaintiff. Shah and Lopez averred their affidavits were based on "personal knowledge and based upon the books and records of [Funder]". Both affidavits laid a proper foundation for the admission their respective employer's records into evidence under CPLR §4518 by sufficiently showing that the records "reflect[ed] a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business", "that the record[s][were] made pursuant to established procedures for the routine, habitual, systematic making of such a record" and "that the record[s] [were] made at or about the time of the event being recorded" (*Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 204 [2d Dept 2019]; *see also Bank of Am v Brannon*, 156 AD3d 1 [1st Dept 2017]). The records of prior entities were also admissible since Shah and Lopez established that those records were received from the makers and incorporated into the records its employers kept and that it routinely relied upon such documents in its business (*see eg U.S. Bank N.A. v Kropp-Somoza,* 191 AD3d 918 [2d Dept 2021]). Further, the records referenced by Shah and Lopez were annexed to their affirmations (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]).

Unlike the prior motion, annexed to Lopez's affidavit was the account ledger for the loan at issue. Those documents demonstrated that Defendants made two payments after the first extension agreement was executed and three after the second agreement. "By entering into the [extension] agreement[s] and making monthly installment payments thereunder, the defendants expressly acknowledged the plaintiff's status as the holder of the subject note as of [2022]—well before the commencement of this action" (*Wells Fargo Bank, N.A. v Graffioli*, 167 AD3d 969, 971 [2d Dept 2018]). As such "Defendants cannot now be heard to object to the ownership [of Plaintiff] which they embraced when it suited them" (*IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd.*, 84 AD3d 637 [1st Dept 2011]).

In opposition, Defendants' argument that the within motion is an inappropriate successive motion for summary judgment is unavailing. Multiple disputed issues are not presented here (*cf. Wells Fargo Bank v Gittens*, 217 AD3d 901, 903 [2d Dept 2023]) and entertaining a second summary judgment motion furthers the ends of justice by allowing the Court to eliminate the need for a trial on issues that Defendants have not successfully challenged, to wit the existence of the note, mortgage or the default thereunder (*see MTGLQ Invs, LP v Collado*, 183 AD3d 414 [1st Dept 2020]; *Bank of Am NA v Brannon*, 156 AD3d, 1, 6 [1st Dept 2017][Uncontradicted facts on a motion for summary judgment are "deemed to be admitted"]).

Accordingly, it is

ORDERED that Plaintiff's motion for summary judgment against the appearing Defendants and an order of reference is granted; and it is

ORDERED that all the remaining affirmative defense of standing is stricken, and it is

ORDERED that **Sofia Balile, Esq., 155 Water Street, Ste. 311, Brooklyn, New York 11201, 646-580-6116** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and examine whether the tax parcel can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge 22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing or is required to perform other significant services in issuing the report, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the Referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the Referee within 14 days of the mailing of Plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that the failure by Defendants to submit objections to the Referee shall be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 30 days of receipt of the Referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it is further

850552/2023   LOAN FUNDER LLC, SERIES 18644 vs. IBARRA LLC ET AL         Page 3 of 4
Motion No.  002

3 of 4

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

All parties are to appear for a virtual conference via Microsoft Teams on **July 16, 2026, at 11:00 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk (SFC-Part32-Clerk@nycourts.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

___3/13/2026___
DATE

FRANCIS KAHN, III, A.J.S.C.

HON. FRANCIS A. KAHN III

J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850552/2023   LOAN FUNDER LLC, SERIES 18644 vs. IBARRA LLC ET AL
Motion No. 002

Page 4 of 4

4 of 4

[* 4]